**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROGELIO CARDOSO-TLASECA,
                                    *Petitioner,*

            v.

ALBERTO R. GONZALES, Attorney
General,
                                    *Respondent.*

No. 04-70774

Agency No.
A78-467-817

ROGELIO CARDOSO-TLASECA,
                                    *Petitioner,*

            v.

ALBERTO R. GONZALES, Attorney
General,
                                    *Respondent.*

No. 04-72264

Agency No.
A78-467-817

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 16, 2006—San Francisco, California

Filed August 21, 2006

Before: Edward Leavy and Pamela Ann Rymer,
Circuit Judges, and Barry Ted Moskowitz,* District Judge.

Opinion by Judge Leavy

*The Honorable Barry Ted Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

9997

## COUNSEL

Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, California, for the petitioner.

Carol Federighi and Neil McGill-Gorsuch, United States Department of Justice, Washington, DC, for the respondent.

## OPINION

LEAVY, Circuit Judge:

Rogelio Cardoso-Tlaseca (Cardoso), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) January 30, 2004, order denying his motion to reopen its September 30, 2003, order affirming an immigration judge's (IJ) removal order and denial of his application for adjustment of status. (Appeal No. 04-70774). Cardoso also petitions for review of the BIA's order denying his motion to reconsider its January 30, 2004, decision (Appeal No. 04-72264). In his motions Cardoso asserted that the conviction that had formed the basis for his removal order had been vacated. We grant the petition in 04-70774 and remand. We deny the petition in 04-72264 as moot.

## JURISDICTION

We have jurisdiction to review the petitions under 8 U.S.C. § 1252(a)(2)(D) as amended by § 106(a) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (2005). *See Notash v. Gonzales*, 427 F.3d 693, 695-96 (9th Cir. 2005). While we have no jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense," including a controlled substance offense, 8 U.S.C. §§ 1252(a)(2)(C) and 1227(a)(2)(B), we are not barred from

hearing the constitutional claims or questions of law raised in Cardoso's petition. 8 U.S.C. § 1252(a)(2)(D). Cardoso does not present a constitutional claim, but argues that, as a matter of law, the BIA erred when it determined that 8 C.F.R. § 1003.2(d) barred his motion to reopen and, alternatively, that 8 C.F.R. § 1003.2(d) is invalid. Because his petitions for review present questions of law, we have jurisdiction to consider them.

## FACTS AND PRIOR PROCEEDINGS

Cardoso entered the United States from Mexico without inspection in April 1988. In February 1996, Cardoso married Hilda Jimenez, at the time a lawful permanent resident, and she filed an I-130 visa petition on his behalf. Jimenez became a naturalized United States citizen on October 4, 1999, and the I-130 visa petition was approved on January 25, 2001. Cardoso filed an application to adjust his status to that of a lawful permanent resident on March 8, 2001.

In the meantime, on August 30, 2000, Cardoso pled guilty to cultivating marijuana for personal use in violation of Cal. Health & Safety Code § 11358. The state court granted him a deferred entry of judgment. On November 20, 2001, after Cardoso had completed the deferred entry of judgment program, he was allowed to withdraw his guilty plea to the cultivation charge and it was dismissed.

When Cardoso appeared for an interview on his application to adjust status, he was arrested and detained by the Department of Homeland Security (DHS). The DHS served him with a Notice to Appear (NTA) alleging that he was subject to removal on two grounds: (1) under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled; and (2) under 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien who has been convicted of violating a law or regulation relating to a controlled substance.

At his removal hearings, Cardoso admitted the first ground but denied the second, arguing that his conviction of cultivating marijuana for personal use was similar to a conviction for simple possession. On that basis and because his conviction had been dismissed, he argued that the government could not use the conviction to establish his removability under § 1182(a)(2)(A)(i)(II).[1] The IJ rejected this argument, sustained the ground under § 1182(a)(2)(A)(i)(II), and found Cardoso removable on the basis of both grounds. The IJ also found that there was no relief from removal available to Cardoso such as a waiver or adjustment of status despite his approved I-130, because he was inadmissable as a result of his controlled substance conviction under 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Cardoso timely appealed to the BIA. While the appeal was pending, he moved the California state court to vacate his cultivation conviction, arguing that the conviction was constitutionally invalid. Cardoso argued that his guilty plea was not knowing, intelligent, free or voluntary because (1) at the time of the plea all parties, including Cardoso, were unaware of the immigration consequences of his plea; and (2) the court failed to inform Cardoso of the immigration consequences of his plea or to take any of the required waivers until after the plea was entered.

On September 30, 2003, the BIA summarily affirmed without opinion the IJ's order of removal, and Cardoso was removed to Mexico on October 8, 2003.

On October 15, 2003, the California court granted Cardoso's motion to vacate his cultivation conviction. The criminal

---

[1]An alien is not removable if his or her conviction is subject to a state rehabilitative statute and the alien, if prosecuted in federal court, would have qualified for treatment under the Federal First Offender Act (FFOA), 18 U.S.C. § 3607. *Lujan-Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir. 2000).

complaint was amended to charge Cardoso with simple possession of marijuana in violation of Cal. Health & Safety Code § 11357(c), and Cardoso pled guilty to the new charge. On November 26, 2003, Cardoso was sentenced to a term of probation. After Cardoso successfully completed probation, the court expunged his possession conviction pursuant to Cal. Penal Code § 1203.4 on December 17, 2003.

On December 29, 2003, Cardoso moved the BIA to reopen proceedings, on the basis that his cultivation conviction under Cal. Health & Safety Code § 11358 had been vacated. The BIA denied the motion:

> It is undisputed that the respondent was removed from the United States on October 8, 2003, after the Board rejected the respondent's appeal. The respondent's removal was therefore lawfully executed. *Compare Wiedersperg v. INS*, 896 F.2d 1179 (9th Cir. 1990). Under the regulations at 8 C.F.R. § 1003.2(d), "[a] motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States." The Board thus lacks the jurisdiction to reopen and reconsider the respondent's appeal at this time, and the motion must be denied. *See* 8 C.F.R. § 1003.1(d)(2)(H). We note that on October 15, 2003, the Superior Court of California in and for the Country [sic] of Tulare granted the respondent's motion to vacate a conviction underlying one of the bases of the respondent's inadmissibility. The fact that the conviction was vacated subsequent to the respondent's removal, and the fact that the conviction was vacated prior to the filing of his motion, would not alter our conclusion. Accordingly, the motion is denied.

Cardoso timely moved to reconsider the denial of the motion to reopen, arguing that the BIA had misapplied this

court's decision in *Wiedersperg*. On March 18, 2004, the BIA denied the motion to reconsider:

> This case was before the Board last on January 30, 2004, when we denied the respondent's motion to reopen for lack of jurisdiction. We stated that it was undisputed that the respondent had been removed from the United States on October 8, 2003, after the Board's rejection of his appeal and that his removal had been lawfully executed. We likewise lack jurisdiction over the present motion to reconsider, for the same reasons. *See* 8 C.F.R. § 3.2(d) (2003) (now renumbered as § 1003.2(d)). Even if we were to address the merits of the current motion, we would deny it because the respondent has not demonstrated any error in our decision of January 30, 2004, on the record then before us, upon consideration of the contentions in this motion. *See Matter of Cerna*, 20 I&N Dec. 399 (BIA 1991). We reiterate that the respondent's case is distinguishable from *Wiedersperg v. INS*, 896 F. 2d 1179 (9th Cir. 1990) (allowing an alien who had been deported to reopen proceedings where the state convictions underlying the sole ground of deportation against him had been vacated). We note that this respondent was found removable under both sections 212(a)(6)(A)(i) and 212(a)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(2)(A)(i).

Although there is no substantiation in the administrative record, the parties agree that the BIA reissued its decision on April 7, 2004.

Cardoso timely filed petitions for review of both the denial of his motion to reopen (04-70774, filed February 6, 2004) and the denial of his motion to reconsider (04-72264, filed May 6, 2004). Cardoso's motion to consolidate the petitions was granted on August 9, 2004.

**STANDARDS OF REVIEW**

We review for an abuse of discretion the BIA's decision on an applicant's motion to reopen. *See INS v. Doherty*, 502 U.S. 314, 323-24 (1992). The BIA's decision denying reconsideration is also reviewed for an abuse of discretion. *See Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir. 2002). Under the abuse of discretion standard, the decision of the BIA "will be upheld unless it is arbitrary, irrational, or contrary to law." *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000).

**ANALYSIS**

**[1]** 8 C.F.R. § 1003.2 states:

> (d) Departure, deportation, or removal. A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

We have interpreted this regulation "to mean that a person who leaves the U.S. after removal proceedings have already been initiated is barred from filing a motion to reopen." *Singh v. Gonzales*, 412 F.3d 1117, 1121 (9th Cir. 2005) (italics omitted); *see also Azarte v. Ashcroft*, 394 F.3d 1278, 1281-82 (9th Cir. 2005) (noting that an alien who departs after being granted relief from removal in the form of voluntary departure forfeits the right to a motion to reopen).

**[2]** Cardoso argues that the BIA nonetheless had jurisdiction over his motion to reopen because his § 11358 cultivation

conviction was vacated and was a "key part" of the government's case in his removal proceeding.**²** In *Estrada-Rosales v. INS*, this court held that a deportation based upon an invalid conviction is not "legally executed" and that, therefore, the defective deportation may be reopened after the petitioner has left the country:

> There is no doubt that the use of the invalid conviction was a key part of the government's case in the deportation proceeding. The immigration judge's reliance upon the conviction is evidenced by the judge's statement that the conviction "materially lessens the proof necessary" to establish deportability. Petitioner in these circumstances is entitled to a new deportation hearing.

645 F.2d 819, 821 (9th Cir. 1981) (internal citations omitted).

**[3]** Following *Estrada-Rosales*, this court decided *Wiedersperg*, holding that the alien, who had been deported, was entitled to reopen deportation proceedings because his state conviction, which was the "sole ground" for his deportation, was vacated:

> We also pointed out [in *Estrada-Rosales*] that the conviction was "a key part of the government's case in the deportation proceeding." That conviction having been overturned on the merits, "petitioner in these circumstances is entitled to a new deportation hearing." Here, Wiedersperg's conviction was the

---

**²**Cardoso also argues that § 1003.2(d) is an invalid regulation because it is inconsistent with the amendments made by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-132, 110 Stat. 1214, to the Immigration and Nationality Act (INA). Because we hold that the BIA made a legal error when it determined that the regulation barred Cardoso's motion to reopen and we remand for a second determination whether the regulation applies, we do not decide the issue of the regulation's validity.

sole ground of his deportation, and that conviction is itself erased and cannot serve to establish that he has committed a crime. He stands neither convicted nor charged with the crime for which he was deported. *Estrada-Rosales* applies.

896 F.2d at 1182 (citations and alterations omitted).

**[4]** In denying Cardoso's motions to reopen and reconsider, the BIA purported to limit our holding in *Wiedersperg* to cases in which the vacated state court conviction is "the *sole* ground of deportability." (Emphasis added). This was error. Both *Wiedersperg* and *Estrada-Rosales* apply where the conviction was a "key part" of the deportation proceeding.

**[5]** Cardoso's § 11358 cultivation conviction was a key part of his removal proceeding. His conviction not only made him removable under 8 U.S.C. § 1182(a)(6)(A)(i), it also made him inadmissable under 8 U.S.C. § 1182(a)(2)(A)(i)(II). Because Cardoso was inadmissable as a result of his conviction, the IJ found him ineligible for two forms of relief from removal, adjustment of status pursuant to 8 U.S.C. § 1255 and cancellation of removal under 8 U.S.C. § 1229b(b). Cardoso had an approved I-130 petition. Thus, his § 11358 cultivation conviction was a "key part" of the government's case.

**[6]** The government also argues that, even if the conviction was vacated, it was not vacated on the merits but because of its immigration consequences. According to the BIA, a vacated conviction remains valid for immigration purposes if the conviction was vacated for reasons, "unrelated to the merits of the underlying criminal proceedings," that is, for equitable, "rehabilitation or immigration hardship[ ]" reasons. *Matter of Pickering*, 23 I. & N. Dec. 621, 624 (BIA 2003) (*Pickering I*), *reversed by Pickering v. Gonzales*, ___ F.3d ___, 2006 WL 1976043 (6th Cir. July 17, 2006) (*Pickering II*). However, the BIA acknowledges that a conviction vacated because of a "procedural or substantive defect" is not consid-

ered a "conviction" for immigration purposes and cannot serve as the basis for removeability. *Pickering I*, 23 I. & N. Dec. at 624.[3] The issue whether Cardoso's § 11358 cultivation conviction was vacated on the merits must be determined in the first instance by the BIA on remand.

The government argues that the removal order should nonetheless not be reopened because Cardoso's possession conviction for violation of Cal. Health & Safety Code § 11357(c) was not expunged until after he was removed. The possession conviction cannot sustain the removal order because it was not alleged in the NTA. The DHS must serve an alien in removal proceedings with a NTA which contains "the nature of the proceedings against the alien," the "legal authority under which the proceedings are conducted," the "acts or conduct alleged to be in violation of the law," and the "charges against the alien and the statutory provisions alleged to have been violated." 8 U.S.C. § 1229(a)(1); *see also* 8 C.F.R. § 1003.15(b) & (c). Not only was the possession conviction not alleged in the NTA, Cardoso was not convicted of violating Cal. Health & Safety Code § 11357(c) until October 15, 2003, a week after he was removed to Mexico.

## CONCLUSION

The petition in 04-70774 is granted and the motion remanded to the BIA for a determination whether Cardoso's original conviction was vacated on the merits or because of immigration consequences. The petition in 04-72264 is denied as moot.

---

[3]In reviewing the BIA's rule the Sixth Circuit recently clarified that for the government to carry its burden in establishing that a conviction remains valid for immigration purposes, the government must prove "with clear, unequivocal and convincing evidence, that the Petitioner's conviction was quashed *solely* for rehabilitative reasons or reasons related to his immigration status, i.e., to avoid adverse immigration consequences." *Pickering II*, 2006 WL at *4 (emphasis added).

**PETITION IN 04-70774 GRANTED; REMANDED.**

**PETITION IN 04-72264 DENIED.**