Hares Sayed SARAJ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72824.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 27, 2006.

Filed Oct. 16, 2006.

**100**

Scott A. Mossman, Oakland, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony C. Payne, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Mark W. Pennak, Esq., DOJ–U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: GIBSON,* RYMER, and CLIFTON, Circuit Judges.

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM **

Hares Sayed Saraj, a native and citizen of Afghanistan, petitions for review of the Board of Immigration Appeals' order denying his application for deferral of removal under the Convention Against Torture. Saraj contends that if he returns to Afghanistan, he will be likely to suffer torture at the hands of General Dostum, a warlord who controls large areas of Afghanistan in defiance of the legitimate government of that country. We grant the petition and remand to the Board.

After an Immigration Judge denied Saraj's application, the Board affirmed the denial, saying:

> The regulations implementing the Convention Against Torture allow for relief only if torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." See 8 C.F.R. § 1208.18(a)(1). The evidence in the record reflects that General Dostum is not a public official in the current government of Afghanistan (Tr. at 101). Rather, the evidence indicates that General Dostum is a rogue warlord, who controls the northern portion of Afghanistan. However, violence committed by individuals over whom the government has no reasonable control does not implicate the Convention Against Torture. See Matter of S–V–, 22 I. & N. Dec. 1306 [2000 WL 562836] (BIA 2000) (holding that protection does not extend to person who fear [sic] entities that a government is unable to control). Furthermore, while the record indicates that warlords, such as General Dostum, maintain considerable power in the areas that they control, there is no

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

evidence in the record to suggest that the government of Afghanistan acquiesces to the illegal activities of these warlords. In fact, the record suggests that the International Security Assistance Forces and the Afghan Nationality Army expanded their patrols into parts of Afghanistan outside of Kabul, in an effort to curb the authority of these warlords.

On petition for review, Saraj raises two legal issues arising under the regulations implementing the Convention Against Torture, 8 C.F.R. § 208.18(a)(1): (1) whether a warlord who controls a part of a country qualifies as a person "acting in an official capacity," and (2) whether the legitimate government of Afghanistan could be said to "acquiesce" in conduct by the warlord when the government is aware of the conduct but has been unable to stop it.

██ Our jurisdiction over Saraj's petition is subject to 8 U.S.C. § 1252(a)(2)(C), which bars us from reviewing a removal order against an alien who has committed certain controlled substances crimes. However, an exception to the jurisdictional bar allows us to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D); *Cardoso–Tlaseca v. Gonzales,* 460 F.3d 1102, 1103 (9th Cir.2006). This petition raises legal questions over which we have jurisdiction.

██ Because the Board's opinion does not squarely address either of the two legal questions raised by Saraj in this petition and at page 33 of his brief before the Board, we cannot determine the Board's reasoning in order to conduct review. Furthermore, the Board's citation to its opinion in *In re S–V–,* 22 I. & N. Dec. 1306, 2000 WL 562836 (B.I.A.2000), in support of its acquiescence holding requires further explanation in light of our disapproval of the "willful acceptance" standard espoused in that case. *See Ochoa v. Gon-*

*zales,* 406 F.3d 1166, 1172 (9th Cir.2005); *Zheng v. Ashcroft,* 332 F.3d 1186, 1196 (9th Cir.2003). *See also Ornelas–Chavez v. Gonzales,* 458 F.3d 1052, 1059 (9th Cir. 2006).

Accordingly, we remand for further clarification of whether an individual operating a de facto government in derogation of the legitimate government of a country can be said to be acting in an official capacity and of whether a government can be said to acquiesce in actions by a private individual which the government is aware of but is unable to stop. *See INS v. Orlando Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

The petition is GRANTED and the matter REMANDED to the Board.