Mohammad Abdul Halim BHUIYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Mohammad Abdul Halim Bhuiyan, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 05–71439, 05–74201.

United States Court of Appeals, Ninth Circuit.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** The Honorable Dean D. Pregerson, of the District Court for the Central District of California, sitting by designation.

Submitted Sept. 27, 2006 *.

Filed Oct. 26, 2006.

Vinay R. Chari, Esq., Law Offices of Virender Kumar Goswami, San Francisco, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office Of The District Counsel, Department Of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., Thankful T. Vanderstar, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration, Lit. Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Mohammad Abdul Halim Bhuiyan, a native and citizen of Bangladesh, petitions for review of the denials by the Board of Immigration Appeals ("BIA") of two motions to reopen his removal proceedings, alleging ineffective assistance of counsel and changed country conditions. We review the denials for an abuse of discretion, *see Cardoso–Tlaseca v. Gonzales,* 460 F.3d

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1102, 1106 (9th Cir.2006), and we deny the petition for review.

■ Bhuiyan's initial, timely motion to reopen claimed changed country conditions, but attached only four pages of a more recent country report, and did not show how any changed conditions affected him as an individual. Further, the immigration judge found that Bhuiyan had not even demonstrated past persecution. It was not an abuse of discretion for the BIA to deny the first motion to reopen.

■ Bhuiyan's second motion to reopen was filed out of time, and argued ineffective assistance of counsel. Although Bhuiyan claimed he had not received the denial of his first motion to reopen (mailed to his home address), he certainly was aware of the denial when he received the letter requiring him to report for removal. Bhuiyan did not file the second motion until eight months later. Because his claim of changed country conditions was raised in his first motion to reopen and had been denied, he is not entitled to the regulatory exception from the ninety-day time limitation. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004); 8 C.F.R. § 1003.2(c)(3)(ii). It was not an abuse of discretion to deny the second motion as untimely.

PETITION FOR REVIEW DENIED.