**Nasratullah Sybhan SUBHAN, aka Nasratullah Subhan, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70389.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 21, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nasratullah Sybhan Subhan, Lompoc, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Nasratullah Sybhan Subhan, a native and citizen of Afghanistan, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider.

We lack jurisdiction over Subhan's petition for review because he was convicted of an aggravated felony and does not raise a colorable question of law or constitutional claim. *See* 8 U.S.C. § 1252(a)(2)(C); *Cardoso–Tlaseca v. Gonzales,* 460 F.3d 1102, 1103 (9th Cir.2006) (explaining that the jurisdictional bar to reviewing removal orders of petitioners removable for criminal offenses does not bar review of constitutional claims or questions of law).

We lack jurisdiction to review Subhan's contention that the immigration judge erred in denying relief under the Convention Against Torture because Subhan did not timely petition for review of the BIA's February 10, 2004 order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996) (holding that petitioner's filing of a motion to reopen and reconsider did not toll statutory time in which to seek review of the underlying final order).

**PETITION FOR REVIEW DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.