Ronney Curth LINDELL, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75728.

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2007.*

Filed June 27, 2007.

Jesse A. Moorman, Esq., Law Offices of Judith L. Wood, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and FEESS **, District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Gary A. Feess, United States District Judge for the Central District of California, sitting by designation.

MEMORANDUM ***

Ronney Curth Lindell, a native of Sweden who was granted permanent lawful resident status in 1980, was convicted in 1992 and 1999 for possession of a controlled substance, to wit, methamphetamine. In 2002, his convictions were expunged pursuant to Cal.Penal Code §§ 1203.3, 1203.4. In 2003, removal proceedings were initiated against Lindell based on his 1999 possession conviction. The immigration judge ultimately denied his motion to terminate removal proceedings, denied his applications for cancellation of removal and adjustment of status, and ordered him removed from the United States. The Board of Immigration Appeals affirmed, and now Lindell appeals.

■ 1. Lindell first argues that the record does not show that he was convicted of possession of methamphetamine, a crime that makes him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). Lindell, however, failed to raise this argument in the proceedings below, and thus this argument is waived on appeal. *Rodas–Mendoza v. INS*, 246 F.3d 1237, 1240 (9th Cir. 2001); *Farhoud v. INS*, 122 F.3d 794, 797 (9th Cir.1997). Even if this argument were considered, the record below demonstrates that he was charged and convicted in September 1999 of possession of methamphetamine.

■ 2. Under Ninth Circuit precedent, even though his 1999 conviction was expunged pursuant to Cal.Penal Code § § 1203.3, 1203.4, Lindell remains inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). "[A]s a general rule, an expunged conviction qualifies as a conviction under the INA." *Ramirez–Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir.

2002). The Ninth Circuit has recognized a limited exception in cases involving first-time simple possession of narcotics where the case would qualify for treatment under the Federal First Offender Act, 18 U.S.C. § 3607. *Lujan–Armendariz v. INS*, 222 F.3d 728, 749–50 (9th Cir.2000). However, because Lindell was twice convicted of possession of a controlled substance, he does not qualify for the limited exception recognized in *Lujan*. Thus, he is still considered "convicted" of a violation "relating to a controlled substance" for immigration purposes under 8 U.S.C. § 1182(a)(2)(A)(i)(II).

3. Lindell's arguments that the Court should consider the rehabilitative effect of his expungement on equitable grounds are without merit. Per 8 U.S.C. § 1252(a)(2)(C), this Court lacks jurisdiction to review the final order of removal, and this portion of the petition is DISMISSED. *See Chavez–Perez v. Ashcroft*, 386 F.3d 1284, 1293 (9th Cir.2004).

4. Lindell finally argues that the removal proceedings violated his due process and equal protection rights. Because these arguments raise constitutional questions, the Court has jurisdiction to consider them. 8 U.S.C. § 1252(a)(2)(D); *Cardoso–Tlaseca v. Gonzales*, 460 F.3d 1102, 1103 (9th Cir.2006).

■ Lindell's procedural due process arguments are meritless because the record clearly demonstrates that he was afforded notice and a full and fair opportunity to be heard during the proceedings below. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). To the extent he asserts a substantive due process challenge, this argument also lacks merit because discretionary relief from removal is

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

a privilege, and not a substantive interest protected by the Due Process Clause. *Munoz v. Ashcroft,* 339 F.3d 950, 954 (9th Cir.2003). Finally, because aliens do not have an equal protection right to discretionary relief from removal, Lindell's equal protection argument fails as well. *See Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1167 (9th Cir.2004). Thus, Lindell's due process and equal protection challenges are DENIED.

DISMISSED IN PART; DENIED IN PART.

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.