Amalia **SOLORIO–ANDRADE,**
Petitioner,

v.

Peter D. **KEISLER,**\* Acting Attorney General, Respondent.

No. 04–74650.

United States Court of Appeals, Ninth Circuit.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted Oct. 18, 2007 **.

Filed Nov. 6, 2007.

Amie Miller, Esq., Law Office of Amie D. Miller, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Leslie McKay, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN and TALLMAN, Circuit Judges, and DUFFY ***, Senior Judge.

## MEMORANDUM ****

Amalia Solorio–Andrade, a Mexican national and citizen, appealed to the Board of Immigration Appeals ("BIA") Immigration Judge Wendell A. Hollis's ("IJ") denial of her request for cancellation of removal. Ms. Solorio–Andrade argued for cancellation based on the exceptional and extremely unusual hardship her removal would cause two of her U.S. citizen children, who suffer from physical and mental health problems. Ms. Solorio–Andrade's BIA appeal produced a myriad of technical problems which resulted in this petition for review of a BIA order dated August 26, 2004 order ("August order"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

The August order denied Ms. Solorio–Andrade's motion for reconsideration of the BIA's May 4, 2004 order ("May order"). The May order affirmed the IJ's

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

holding, and denied a motion Ms. Solorio–Andrade had styled as a "motion to reopen." The motion to reopen was filed before Ms. Solorio–Andrade's appeal closed, and moved for an extension to the briefing schedule based on ineffective assistance of counsel. Ms. Solorio–Andrade contended that her first attorney was ineffective because that attorney missed the brief filing deadline.

We review BIA decisions denying motions for reconsideration for abuse of discretion. *Cardoso–Tlaseca v. Gonzales,* 460 F.3d 1102, 1106 (9th Cir.2006). Under that standard, we uphold the BIA's decisions unless they are " 'arbitrary, irrational, or contrary to law.' " *Id.* (quoting *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000)). Due process challenges to immigration decisions are reviewed *de novo. Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

■ Ms. Solorio–Andrade's arguments on appeal challenge both the May and the August orders. She did not file a petition for review of the May order before this court. In her petition for review, she argued for the first time that the BIA abused its discretion by (1) misapplying regulations and the BIA Practice Manual; (2) penalizing Ms. Solorio–Andrade for heeding one of its prior warnings; and (3) denying her "motion to reopen" even though she established ineffective assistance of counsel. These arguments were not raised in the motion for reconsideration. We lack jurisdiction to review the May order because Ms. Solorio–Andrade failed to file a petition for review within thirty days. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust

remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").

■ Although Ms. Solorio–Andrade preserved several arguments for appeal from the denial of the motion for reconsideration, none of them demonstrate that the BIA abused its discretion in its August order. First, Ms. Solorio–Andrade contends that the BIA abused its discretion by construing her motion for reconsideration as a motion to reconsider the merits of the Immigration Judge's ("IJ") order, as opposed to a motion to reconsider the BIA's May order. The August order summarized the conclusions the BIA reached in the May order, and addressed Ms. Solorio–Andrade's motion for reconsideration. It noted that the motion identified no basis for reconsideration of the May order's affirmance of the IJ's decision. "In filing a motion to reconsider, the petitioner must 'specify[ ] the errors of fact or law in the prior Board decision.' " *Yeghiazaryan v. Gonzales,* 439 F.3d 994, 998 (9th Cir.2006) (citing 8 C.F.R. § 1003.2(b)(1)). The August order did not misconstrue Ms. Solorio–Andrade's motion for reconsideration. Rather, it construed it as a meritless motion to reconsider the May order.

Second, Ms. Solorio–Andrade argues that the BIA abused its discretion when it failed to address the arguments she contends were the central questions presented in her motion for reconsideration. She alleges that the BIA should have considered whether (1) it erred in denying her motion to reopen for failure to file a merits brief, and (2) whether it erred in denying a motion that the Government joined. However, the BIA is not required to address every issue raised by a petitioner. *See Lopez v. Ashcroft,* 366 F.3d 799, 807 n. 6 (9th Cir.2004) (quoting *Efe v. Ashcroft,* 293 F.3d 899, 908 (5th Cir.2002)) (" '[T]he [BIA] does not have to write an exegesis

on every contention.' "). Rather, " '[w]hat is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.' " *Id.*

The August order meets this standard. In that order, the BIA summarized the decisions reached in the May order, and explained that Ms. Solorio–Andrade's reconsideration motion did not challenge the May order's conclusions in a legally sufficient manner.

Third, Ms. Solorio–Andrade contends that the BIA abused its discretion by denying her motion for reconsideration because the BIA must grant a motion the Government affirmatively joins. *Opening Br.* at 15–16 (citing *Konstantinova v. INS,* 195 F.3d 528 (9th Cir.1999)). *Konstantinova* does not support this argument.

The Government's decision to join an alien's motion may persuade the BIA to grant the motion in question even if the motion is procedurally defective. *See Konstantinova,* 195 F.3d at 530 (citing *Matter of Yewondwosen,* I. & N. Dec. 3327 (BIA 1997), in which the BIA noted that the Government's affirmative joinder to the petitioner's request for remand was an important gesture). The BIA abuses its discretion when it denies a motion it has authority to grant, regardless of the Government's position. *See id.* (explaining that in *Yewondwosen,* "[t]he reasoning behind the BIA's decision ... made it abundantly clear that it had the authority to waive the procedural defect"). We are aware of no case holding that the BIA must grant a motion if the motion is affirmatively joined by the Government.

Fourth, Ms. Solorio–Andrade argues that the BIA's failure to reconsider its May order violated due process. To comport with the Due Process Clause, the BIA must give aliens an opportunity to present their appeals through a full and fair hearing. *Yeghiazaryan,* 439 F.3d at 1000. " 'To prevail on a due process challenge to deportation proceedings, [an alien] must show error and substantial prejudice.' " *Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000) (quoting *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000)). Ms. Solorio–Andrade has not established that the BIA abused its discretion in denying her motion for reconsideration; therefore, she has failed to establish error.

The petition for review is **DENIED.**