**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ORTIZ GUTIERREZ; MA ISABEL ACOSTA, aka Maria Isabel Acosta, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-75413 <br><br> Agency Nos. A095-192-598 <br> A095-192-599 <br><br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2010[**]
Pasadena, California

Before:     O'SCANNLAIN and TALLMAN, Circuit Judges, and LEFKOW,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

Jose Ortiz Gutierrez and Ma Isabel Acosta, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") October 27, 2006, order denying their September 1, 2006, motion to reconsider and reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the BIA's denial of a motion for reconsideration and reopening for abuse of discretion. *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1106 (9th Cir. 2006). The petition is denied in part and dismissed in part.

The BIA did not abuse its discretion in denying petitioners' motion to reconsider. In their motion to reconsider, petitioners attempted to reargue the hardship factor required to establish a prima facie case for cancellation of removal with facts and legal citations almost identical to those presented in their initial motion to reopen. They did not identify any error of fact or law in the BIA's August 4, 2006, order denying petitioners' motion to reopen their removal proceedings. Thus, it was not an abuse of discretion for the BIA to deny petitioners' motion for reconsideration. *See* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority."); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc).

The BIA also did not abuse its discretion in denying petitioners' September 1, 2006, motion to reopen as numerically barred. *See* 8 U.S.C. § 1229a(c)(7)(A) (an alien may only file one motion to reopen removal proceedings unless an exception applies); 8 C.F.R. § 1003.2(c)(2). This was petitioners' second motion to reopen the proceedings, and petitioners did not establish that any of the exceptions in 8 C.F.R. § 1003.2(c)(3) to the numerical bar applied. The court lacks jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen the removal proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

To the extent petitioners challenge the BIA's April 19, 2006, and August 4, 2006, orders, we lack jurisdiction to review the orders because the petition for review is untimely. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405 (1995) ("[A] deportation order is final, and reviewable, when issued. Its finality is not affected by the subsequent filing of a motion to reconsider."); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996) (appellate court lacks jurisdiction to consider the underlying final order upon petition for review of a motion to reopen where the petitioner did not earlier seek review of the underlying order). Further, even were the petition timely, the court would lack jurisdiction to review the BIA's discretionary determination that petitioners could not establish

06-75413

the requisite hardship to qualify for cancellation of removal.  *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009); *Fernandez v. Gonzales*, 439 F.3d 592, 596, 601 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**