NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLAUDIO RAGUCCI,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

Nos. 20-71311
20-73340

Agency No. A077-292-318

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2023[**]
Pasadena, California

Before: BOGGS,[***] IKUTA, and DESAI, Circuit Judges.

Claudio Ragucci, a native and citizen of Italy, petitions for review of two

Board of Immigration Appeals ("BIA") orders denying a motion to reopen sua

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

sponte and a motion to reconsider the order denying the motion to reopen. We ordinarily lack jurisdiction to review a BIA decision denying sua sponte reopening or reconsideration. *Bonilla v. Lynch*, 840 F.3d 575, 585–88 (9th Cir. 2016) (reopening); *Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020) (reconsideration). We have jurisdiction only "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error," *Bonilla*, 840 F.3d at 588, and so long as there is "'law to apply' in doing so," *id.* at 587. Because Petitioner establishes no legal or constitutional error in the BIA's decisions, we lack jurisdiction and dismiss the petitions for review.

Petitioner argues that the BIA erred in denying his motions because a drug conviction that served as a basis for his original removal order has now been vacated. The BIA rejected this argument because Petitioner was also removable for remaining in the United States with an expired visa. It further reasoned that the other equities presented by the Petitioner do not constitute exceptional circumstances. Upon reconsideration, the BIA also rejected Petitioner's argument that *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102 (9th Cir. 2006), requires reopening. No legal or constitutional error underlies either of the BIA's decisions.

First, Petitioner claims error under *Cardoso-Tlaseca* because the vacated conviction was a "key part" of his removal. *Cardoso-Tlaseca* does not concern sua sponte reopening, and instead involved the "departure bar," a jurisdictional

prohibition on motions to reopen once a noncitizen leaves the country. *See* 460 F.3d at 1106–07. In this case, the BIA did not deny reopening based on the departure bar. Nothing in *Cardoso-Tlaseca* required the BIA to grant sua sponte reopening of Petitioner's removal proceedings.[1]

Second, the remaining reasoning in each decision relies on the BIA's discretion to grant motions to reopen sua sponte in exceptional circumstances. In each decision, the BIA articulated the "truly exceptional circumstances" standard for a motion to reopen sua sponte and did not limit its discretion with an erroneous legal premise. Because the BIA "'exercise[d] its authority against the correct legal background[,]' there is nothing left for us to review. " *Lona*, 958 F.3d at 1235 (first alteration in original) (quoting *Bonilla*, 840 F.3d at 588).

Finally, Petitioner argues that the BIA violated his due process rights by declining to reopen his proceedings. We lack jurisdiction to consider this claim because Petitioner fails to identify any reasoning in the BIA's decisions to review for legal or constitutional error, focusing instead on purported errors by the Immigration Judge in the initial proceeding. *See id.* at 1234 (explaining that our

---

[1] The BIA also did not commit legal or constitutional error when it found Petitioner's "key part" argument was improperly raised for the first time upon reconsideration. *See Mohammed v. Gonzales*, 400 F.3d 785, 792 n.8 (9th Cir. 2005) ("A motion to reconsider does not present new law or facts, but rather challenges determinations of law and fact made by the BIA."); *Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006) ("A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied.").

review is "constricted to legal or constitutional error that is apparent on the face of the BIA's decision and does not extend to speculating whether the BIA *might* have misunderstood some aspect of its discretion").

For the foregoing reasons, the petitions for review are **DISMISSED.**

20-71311, 20-73340