NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



CARLOS VILLALBA MONTES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-684

Agency No.
A095-675-387

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2024**
Pasadena, California

Before: WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.

Carlos Villalba Montes ("Villalba"), a native and citizen of Mexico,

petitions for review of the denial of a motion to reopen by the Board of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals ("BIA"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. The BIA did not abuse its discretion in denying Villalba's motion to reopen as untimely, given that it was filed over seven years after he was ordered removed. Relying on our decision in *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1107 (9th Cir. 2006), Villalba contends that he is entitled to reopen proceedings at any time if a conviction which formed a "key part" of his removal proceedings is vacated. But this argument is foreclosed by our decision in *Lara-Garcia v. Garland*, 49 F.4th 1271, 1273 (9th Cir. 2022), which held that "the *Cardoso-Tlaseca* rule applies only to timely motions; it does not excuse an untimely motion." *See also Perez-Camacho v. Garland*, 54 F.4th 597, 605 (9th Cir. 2022) (observing that the 90-day deadline for motions to reopen contains "no exception for claims that an alien's removal order was based on an invalid conviction").

2. Nor did the BIA abuse its discretion in finding that Villalba is not entitled to equitable tolling. The BIA correctly observed that equitable tolling applies to an untimely motion to reopen "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir. 2003). But Villalba neither invoked equitable tolling in his

motion to reopen nor asserted any explanation for the delay between his 2014 conviction and his 2021 motion to vacate it or between his initial removal in 2015 and his motion to vacate the underlying conviction, filed in 2022. Therefore, the BIA had no basis upon which to conclude that Villalba had exercised due diligence during the intervening time. *See Lara-Garcia*, 49 F.4th at 1277.

3.     We lack jurisdiction to review the BIA's denial of sua sponte reopening. The BIA may, in its discretion, reopen proceedings sua sponte upon a showing of exceptional circumstances. *Bonilla v. Lynch*, 840 F.3d 575, 585 (9th Cir. 2016). But the "'exceptional situation' benchmark does not provide a sufficiently meaningful standard to permit judicial review." *Id.* at 588. As a result, our jurisdiction to review the BIA's denial of a motion for sua sponte reopening is "constricted to legal or constitutional error that is apparent on the face of the BIA's decision." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020).

Tacitly invoking "settled course of adjudication" doctrine, Villalba argues that the BIA committed legal error because it deviated from its previous decisions that routinely recognize a vacated conviction is "exceptional circumstances" warranting reopening. *See Lona*, 958 F.3d at 1235 (acknowledging that our prior precedent left open the possibility that a petitioner could establish legal error sufficient to permit review of the BIA's sua sponte decision by showing that the BIA deviated from its own "settled course"). But in *Lona*, we held that "'settled

course' review is incompatible with the general rule, reaffirmed in *Bonilla*, that we lack jurisdiction to review claims 'that the BIA should have exercised its sua sponte power' in a given case." *Lona*, 958 F.3d at 1236-37 (emphasis omitted) (quoting *Ekimian v.* INS, 303 F.3d 1153, 1159 (9th Cir. 2002)).  Villalba identifies no other "legal or constitutional error," and so "there is nothing left for us to review."[1] *Id.* at 1235.

**DENIED IN PART AND DISMISSED IN PART.**

---

[1] We reject Villalba's suggestion that the BIA's citation to *Matter of Correa*, 19 I & N Dec. 130 (BIA 1984), evinces legal error.  The BIA recognized its own discretion to grant Villalba's motion and declined to do so.  In addition, Villalba's appeal to the "gross miscarriage of justice" standard applicable in reinstatement proceedings is inapposite here.  *See Perez-Camacho*, 54 F.4th at 605.