**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUZ ADRIANA LOPEZ; JOHAN
NIKOLAS IGLESIAS-LOPEZ,

                    Petitioners,

   v.

PAMELA BONDI, Attorney General,

                    Respondent.

No. 24-7686

Agency Nos.
A240-041-519
A220-939-954

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2025[**]
San Francisco, California

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER, District
Judge.[***]

Luz Adriana Lopez, and her minor child Johan Nikolas Iglesias-Lopez,

petition for review of a Board of Immigration Appeals ("BIA") decision affirming

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously granted the Government's unopposed motion
to submit this case without oral argument. *See* Fed. R. App. P. 34(a)(2)(f).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

an Immigration Judge ("IJ") order denying their motion to reconsider the IJ's removal order. We have jurisdiction under 8 U.S.C. § 1252. *See Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020). We review the BIA's affirmance of the IJ's denial of petitioners' motion for reconsideration for abuse of discretion. *See Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017); *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1106 (9th Cir. 2006).[1] "The BIA only abuses its discretion when the decision is arbitrary, irrational or contrary to law." *Cui v. Garland*, 13 F.4th 991, 995–96 (9th Cir. 2021). "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). We deny the petition.

1. Where, as here, the agency finds petitioners have established past persecution, there arises a rebuttable presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(a)-(b) (2020)[2]; *Singh v. Garland*, 118 F.4th

---

[1] Petitioners argue that the substantial evidence standard should apply, rather than the abuse of discretion standard. We need not resolve this dispute because, even assuming the proper standard were substantial evidence, rather than abuse of discretion, the result would be the same.

[2] In December 2020, the relevant regulations were amended to modify the burden-shifting framework applicable to asylum claims. *See* Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review, 85 Fed. Reg. 80,274 (Dec. 11, 2020). However, those amendments were enjoined by a district court order, and accordingly "the 2020 version of these provisions— the version immediately preceding the enjoined amendment[s]—is currently

1150, 1166 (9th Cir. 2024). The Government may rebut that presumption by showing, *inter alia*, that "the applicant could avoid future persecution by relocating to another part of the applicant's country of nationality." *Parada v. Sessions*, 902 F.3d 901, 911–12 (9th Cir. 2018) (cleaned up). "Relocation analysis consists of two steps: (1) whether an applicant could relocate safely, and (2) whether it would be reasonable to require the applicant to do so." *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) (internal quotation marks omitted).

Here, the agency expressly acknowledged that petitioners "benefit[ed] from a presumption of a well-founded fear of future persecution," but went on to conclude that petitioners could safely and reasonably relocate to anywhere in Colombia outside their neighborhood of Yopal, Casanare, where the past persecution occurred. As the agency noted, petitioners' family told the police that the persecutors had threatened to harm petitioners if they did not "leave the[ir] neighborhood" in Yopal, rather than the country as a whole. For example, contemporaneous police reports state that petitioners' family described the persecutors as "neighborhood criminals" who "threaten[ed] [petitioners] that [they] ha[d] to leave the neighborhood." Further, the threats of violence occurred exclusively within Yopal, and family members in the nearby towns of

---

effective." *De Souza Silva v. Bondi*, 139 F.4th 1137, 1145 (9th Cir. 2025) (citation omitted).

Bucaramanga and Nuncia were not threatened or harmed. Although petitioners testified that they believed themselves to be in danger throughout the entire country, the agency did not abuse its discretion in concluding safe relocation was reasonable. *See Garland v. Ming Dai*, 593 U.S. 357, 371 (2021) ("[E]ven if the BIA treats an alien's evidence as credible, the agency need not find his evidence persuasive or sufficient to meet the burden of proof.").

Petitioners argue that the agency failed to properly shift the burden of proof to the Government to demonstrate safe relocation was reasonable. But nothing in the regulations prevents the Government from relying on evidence introduced by petitioners to carry the Government's burden. Rather, the regulations require only that the Government "establish[] by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate." 8 C.F.R. § 1208.13(b)(3)(ii) (2020) (emphasis added). Although the Government bore the burden of proof below, our review of the agency's conclusion that the Government carried that burden remains deferential. *See Singh v. Holder*, 753 F.3d 826, 830, 835 (9th Cir. 2014) (recognizing that under the "highly deferential" standard of review "the agency is entitled to weigh conflicting evidence" when concluding the presumption of future persecution has been overcome (citation omitted)). On these facts, the agency did not abuse its discretion in concluding that the past persecution, which was not carried out by a government actor, was confined to a

particular geographic area, and hence that safe relocation was reasonable.

2.	Petitioners also argue the IJ erred in denying withholding of removal and relief under the Convention Against Torture. However, petitioners did not appeal the IJ's initial finding of removability, which denied these two claims. Instead, petitioners exclusively appealed the IJ's denial of their motion for reconsideration, which focused exclusively on the IJ's finding that the Government had rebutted the presumption of future persecution. Because petitioners failed to exhaust their administrative remedies with respect to the denial of withholding of removal and for relief under the Convention Against Torture, we may not consider these arguments. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

**PETITION DENIED.**[3]

---

[3]	The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied. *See* Dkt. Nos. 3, 4.

24-7686