**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PABLO GONZALEZ GONZALEZ, AKA
Pedblo Gonzalez,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    20-70633

Agency No. A098-189-565

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2026[**]
Pasadena, California

Before:  LEE, KOH, and DE ALBA, Circuit Judges.

Petitioner Pablo Gonzalez Gonzalez, native and citizen of Guatemala,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

that denied Petitioner's motion to reconsider its prior order denying Petitioner's

untimely motion to reopen removal proceedings. The BIA also construed and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denied Petitioner's motion as a second untimely motion to reopen removal proceedings. Petitioner claims for the first time on appeal that this case should be remanded for dismissal because the Department of Homeland Security ("DHS") impermissibly altered the Notice to Appear ("NTA") after service on Petitioner and before filing the NTA in immigration court. We have jurisdiction over this appeal under 8 U.S.C. § 1252, and we deny the petition.

We review the denial of motions to reconsider and motions to reopen for abuse of discretion. *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1106 (9th Cir. 2006). "The BIA abuses its discretion when it acts 'arbitrarily, irrationally, or contrary to the law.'" *Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014) (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005)).

1.      The BIA did not abuse its discretion in denying equitable tolling of Petitioner's motion to reconsider or second motion to reopen. *See Cui v. Garland*, 13 F.4th 991, 1000 (9th Cir. 2021) ("We review BIA decisions to deny equitable tolling of a motion to reopen for abuse of discretion."). We recognize equitable tolling of deadlines on motions to reopen or reconsider "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

To be entitled to equitable tolling, Petitioner must demonstrate that (1) "he

2

has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well"; and (2) that the "extraordinary circumstance prevented a petitioner from acting with reasonable diligence from making a timely filing." *Smith v. Davis*, 953 F.3d 582, 598-600 (9th Cir. 2020) (en banc). "[I]n every instance reasonable diligence seemingly requires the petitioner to work on his petition with some regularity—as permitted by his circumstances." *Id.* at 601.

"'We measure a petitioner's diligence from the date' on which 'a reasonable person in the petitioner's position is put on notice that something was wrong.'" *Bent v. Garland*, 115 F.4th 934, 942 (9th Cir. 2024) (alterations adopted) (quoting *Avagyan v. Holder*, 646 F.3d 672, 680 (9th Cir. 2011)).

Petitioner's motion to reopen was based on the fact that his controlled substances conviction–a basis for his removability—had been vacated under Cal. Penal Code § 1473.7 (2018), which provides that a person no longer in criminal custody may file a motion to vacate a conviction or sentence because the moving party was unable to meaningfully understand or defend against "the actual or potential" adverse immigration consequences of his plea. Petitioner was put on notice that he had entered a plea with adverse immigration consequences on May 24, 2016, when Petitioner was served with an NTA charging him as removable based on his conviction. *Bent*, 115 F.4th at 942.

Petitioner did not file a motion to vacate his conviction under § 1473.7 until February 23, 2018, nearly two years later. As Petitioner notes, § 1473.7 did not become effective until January 1, 2017. Assuming reasonable diligence did not require Petitioner to pursue any other form of post-conviction relief, Petitioner still delayed filing to vacate his conviction for over a year between January 1, 2017 and February 23, 2018.

Petitioner has not met his burden to show that he acted with reasonable diligence during this period of over a year. Petitioner has not alleged that he worked with any "regularity" to seek post-conviction relief between January 2017 and February 2018 or that his circumstances prevented him from doing so. *Smith*, 953 F.3d at 601.

Moreover, Petitioner's two proffered justifications for the year-long delay fail to establish that Petitioner acted with reasonable diligence. First, relying on § 1473.7(b), Petitioner argues that he could not file to vacate his conviction under § 1473.7 until the removal order became final. However, § 1473.7(a)(1) broadly authorizes filing for vacatur of convictions with "actual or potential" immigration consequences, and § 1473.7(b) "imposes an outside deadline" for filing rather than requiring individuals to wait until removal proceedings have initiated or completed. *See People v. Morales*, 235 Cal. Rptr. 3d 776, 782-84 (Cal. Ct. App. 2018). Additionally, even if it were reasonably diligent for Petitioner to take no

4

steps towards vacating his conviction until the removal order became final, Petitioner has not shown that he was reasonably diligent during the six months between when his removal order became final on August 4, 2017, and Petitioner filing for vacatur on February 23, 2018. *See Singh v. Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007) ("An order of removal becomes final upon . . . a determination by the Board of Immigration Appeals affirming such order." (quotation omitted)).

Second, Petitioner contends that the BIA's decision conflicts with the California Superior Court's finding that he exercised reasonable diligence for the purpose of § 1473.7(b), under which a motion is deemed timely if filed with reasonable diligence after a removal order based on the conviction becomes final. Construing this argument as one for collateral estoppel, Petitioner has not demonstrated that the requirements of § 1473.7(b) for demonstrating reasonable diligence are the same as the criteria that the BIA requires for equitable tolling, nor has Petitioner shown that the United States is the same party that he opposed in state court as is required for collateral estoppel. *See White v. City of Pasadena*, 671 F.3d 918, 925-27 (9th Cir. 2012) (California law on collateral estoppel requires that the issues be identical and the parties be the same in the current and prior proceeding). Therefore, Petitioner has not satisfied the requirements for collateral estoppel.

2.     Petitioner failed to exhaust his claim that DHS had materially altered

5

the NTA after service on Petitioner. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below.") (quoting *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020)). "Although the exhaustion requirement is non-jurisdictional, we must apply it when, as here, it is invoked by the government." *Murillo-Chavez v. Bondi*, 128 F.4th 1076, 1082 (9th Cir. 2025) (citation omitted).

Contrary to Petitioner's assertions, DHS did not prevent Petitioner from raising his claim regarding the allegedly altered NTA during the proceedings below. During Petitioner's May 16, 2016, hearing before the Immigration Judge ("IJ"), Petitioner's counsel confirmed proper service of the NTA on Petitioner and agreed to admitting the allegedly altered NTA. Both during the hearing before the IJ and on appeal to the BIA, Petitioner had the opportunity to argue that the NTA admitted as Exhibit 1 differed from the NTA that was served on him, but Petitioner failed to do so.

**PETITION DENIED.**[1]

---

[1] The stay of removal pending review previously granted by this court (Dkt. 13) remains in effect until issuance of the mandate.