Iresha DE SILVA, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72810.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 27, 2006.

Filed Aug. 4, 2006.

---

Joseph S. Porta, Esq., Law Offices of Cohen Porta & Kim, Los Angeles, CA, for Petitioner.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marie K. McElderry, Esq., Mark L. Gross, Esq., Lindsay L. Chichester, U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: GIBSON *, RYMER, and CLIFTON, Circuit Judges.

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM **

Iresha De Silva, a native and citizen of Sri Lanka, petitions for review of the summary affirmance by the Board of Immigration Appeals (BIA) of an immigration judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.

## I

■ A reasonable factfinder would not be compelled to find that De Silva was persecuted on account of his political opinion. 8 U.S.C. § 1252(b)(4)(B); *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir. 2004) (holding that findings of fact will be upheld unless the evidence compels a contrary result). De Silva was unquestionably treated badly by a drug dealer named Grero who also killed two friends engaged in their common cause to stop drug-peddling activities, the police were unhelpful and were observed at the scene where his friends' bodies were found, and his uncle was later killed by the same gang. However, there is no evidence that these incidents occurred because of De Silva's political opinion or a political opinion imputed to him. While De Silva presented some evidence that local police attended parties at Grero's house, this evidence does not indicate that Grero was an instrument of the police, operated at their behest, or was intertwined with police operations. *Cf., e.g., Hasan v. Ashcroft*, 380 F.3d 1114, 1120 (9th Cir.2004); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1042–43 (9th Cir. 2005). Thus, the IJ could conclude both that De Silva's reports pertained to, and that Grero's retaliation constituted, pri-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

vate, criminal activity that was not on account of political opinion.

## II

 Potential torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" to warrant CAT relief. *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001) (quoting 8 C.F.R. § 208.18(a)(1)); *See also Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir.2003). Even though De Silva's fear is genuine, the IJ was not compelled to find a fifty-one percent probability of official acquiescence in torture at Grero's hands if De Silva is returned to Sri Lanka.

PETITION DENIED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.