Opinion by Judge THOMAS; Dissent by Judge WALLACE.
OPINION
THOMAS, Circuit Judge:
In this petition for review, we consider whether the Board of Immigration Appeals (“BIA”) has jurisdiction to review a *1075 motion to reconsider and reopen filed after a petitioner has been involuntarily removed from the United States. We conclude that it has jurisdiction and we grant the petition for review.
I
Reyes-Torres is a native and citizen of Mexico who obtained lawful permanent resident status in 1964. Since then he has been convicted of two crimes relevant to this petition. In 1984, Reyes-Torres was convicted of transporting aliens in violation of 8 U.S.C. § 1324(a)(2). In 2007, he was convicted of possession of a controlled substance in violation of California Health and Safety Code § 11377(a).
The Department of Homeland Security (“DHS”) served Reyes-Torres with a Notice to Appear (“NTA”) in 2008, charging him with being removable pursuant to: (1) 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who has been convicted of an aggravated felony; and (2) 8 U.S.C. § 1227(a)(2)(B)(i) as an alien who has been convicted of a law relating to a controlled substance. At a hearing before an immigration judge (“IJ”), Reyes-Torres admitted the factual allegations in the NTA, contested removability on the basis of the aggravated felony charge, and conceded removability on the basis of his controlled substance violation. He also stated his intention to seek relief from deportation in the form of cancellation of removal. Such relief is unavailable to permanent residents who have been convicted of any aggravated felony. 8 U.S.C. § 1229b(a)(3).
The IJ issued a written decision finding that Reyes-Torres’s alien transportation conviction constituted an aggravated felony and he was therefore ineligible for relief in the form of cancellation of removal. In light of this finding, and in light of Reyes-Torres’s concession of removability on the controlled substance conviction, the IJ ordered him removed to Mexico. Reyes-Torres appealed to the BIA and it affirmed the IJ’s decision on September 26, 2008.
Reyes-Torres was removed from the United States on October 3, 2008. On October 22, 2008, a California Superior Court judge granted Reyes-Torres’s motion to withdraw his guilty plea to the controlled substance charge resulting in his 2007 controlled substance conviction. The judge granted the motion on the ground that Reyes-Torres was not adequately informed of the immigration consequences of the plea. On October 27, 2008, Reyes-Torres filed with the BIA a motion to reconsider and reopen proceedings based on the new evidence of the vacated conviction.
On December 22, 2008, the BIA dismissed Reyes-Torres’s motion to reopen and reconsider, concluding that it lacked jurisdiction because Reyes-Torres had been removed from the United States pri- or to its filing. The BIA cited the “departure bar” in 8 C.F.R. § 1003.2(d) for this proposition. Reyes-Torres timely petitioned for review of both the BIA’s September 26, 2008 decision dismissing his appeal (Case No. 08-74452) and the BIA’s December 22, 2008 decision dismissing his motion to reconsider and reopen (Case No. 09-70214). The court sua sponte consolidated the petitions.
II
The regulatory “departure bar” at issue in this case reads:
A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States.
8 C.F.R. § 1003.2(d). The BIA argues that its interpretation of the departure bar strips it of jurisdiction to hear motions to *1076 reopen or reconsider filed by aliens who have already been removed from the United States.
We recently examined the departure bar in Coyt v. Holder, 593 F.3d 902 (9th Cir.2010). Coyt entered the United States without inspection and, twenty years later, the Immigration and Naturalization Service initiated removal proceedings against him. Id. at 903. Coyt conceded removability but applied for cancellation of removal or voluntary departure. Id. The IJ granted a sixty-day voluntary departure period. Id. at 904. The BIA affirmed the IJ’s decision, granting Coyt an additional thirty days to depart voluntarily. Id. at 904. Due to a miscommunication with his attorney, Coyt did not receive notice of the BIA’s decision, and did not depart within the requisite thirty days. Id. When Coyt eventually learned of the BIA’s decision, he moved for the BIA to reissue its decision so that the thirty-day voluntary departure period would restart, arguing ineffective assistance of counsel. Id. On the same day, Coyt was removed. Id.
The BIA issued an order finding Coyt’s removal resulted in the withdrawal of his motion to reissue, citing 8 C.F.R. § 1003.2(d). Id. That section reads in full:
A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.
8 C.F.R. § 1003.2(d).
Coyt petitioned this court for review and we granted his petition. Id. at 903. We explained that the first step in analyzing a regulation under Chevron requires us to determine “whether Congress has directly spoken to the precise question at issue.” Id. at 905 (quoting Chevron, U.S.A. v. Nat’l Res. Def. Council, 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). We then analyzed Congress’s amendments to the Immigration and Nationality Act, which granted aliens subject to a removal order the right to file a motion to reopen. Id. at 906 (citing 8 U.S.C. § 1229a(c)(7)(A)). These amendments, collectively known as the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (“IIRIRA”), provide that within ninety days, the alien may file a motion to reopen, and the Attorney General must remove the alien. 8 U.S.C. §§ 1229a(e)(7)(C); 1231(a)(1)(A); see also id. § 1229a(c)(6)(B) (granting aliens thirty days to file a motion to reconsider).
After reviewing the statutes, we determined that “the intent of Congress is clear,” and that “in passing IIRIRA, Congress anticipated that petitioners would be able to pursue relief after departing from the United States.” Coyt, 593 F.3d at 906. As such, we held that:
The only manner in which we can harmonize the provisions simultaneously affording the petitioner a ninety day right to file a motion to reopen and requiring the alien’s removal within ninety days is to hold, consistent with the other provisions of IIRIRA, that the physical removal of a petitioner by the United States does not preclude the petitioner from pursuing a motion to reopen.
Id. at 907.
There is no principled legal distinction to be drawn between Coyt and this case. The only factual difference between the cases is that Coyt filed his motion to reopen prior to his involuntary departure. *1077 Reyes-Torres did not file his motion to reopen and reconsider until after he was removed. This distinction is immaterial in light of Congress’s clear intent in passing IIRIRA. Reyes-Torres was forcibly removed seven days after the final order of removal was entered. If we accept the government’s argument, the Attorney General would have the power to unilaterally reduce the time in which Reyes-Torres could have filed his motion to reopen from the statutorily mandated ninety days to seven days. Because such a result would “completely eviscerate the statutory right to reopen provided by Congress,” we reaffirm our holding in Coyt that “the physical removal of a petitioner by the United States does not preclude the petitioner from pursuing a motion to reopen.” Id. Ill
Reyes-Torres also appeals the BIA’s September 26, 2008 decision affirming the IJ’s conclusion that his alien transportation conviction constituted an aggravated felony. We do not find it necessary to decide whether the 1984 conviction constituted an aggravated felony for removal purposes in light of our holding in Ledezma-Galicia v. Holder, 636 F.3d 1059 (9th Cir.2010). In Ledezma-Galicia, we held that 8 U.S.C. § 1227(a)(2)(A)(iii) does not apply to convictions that occurred prior to the enactment of the Anti-Drug Abuse Act of 1988 (“ADAA”). Id. at 1080-81. The ADAA — which created the category of crimes denominated “aggravated felonies” and provided that aliens convicted of such aggravated felonies were subject to deportation — was enacted November 18, 1988. Anti-Drug Abuse Act of 1988, Pub.L. No. 100-690, 102 Stat. 4181. Because Reyes-Torres’s conviction for alien transportation occurred prior to November 18, 1988, it cannot constitute a removable aggravated felony.
The fact that Reyes-Torres was deemed removable under 8 U.S.C. § 1227(a)(2)(B)(1) due to his 2007 controlled substance conviction does not alter the analysis. The 2007 guilty plea has since been vacated and can no longer serve as a basis for removability.[1] See Cardoso-Tlaseca v. Gonzales, 460 F.3d 1102, 1107 (9th Cir.2006) (“[A] conviction vacated because of a procedural or substantive defect is not considered a conviction for immigration purposes and cannot serve as the ba sis for removeability.” (internal quotation marks and citation omitted)); Wiedersperg v. INS, 896 F.2d 1179, 1182 (9th Cir.1990) (“This and other courts have clearly established that the nullification of a conviction upon which deportability is premised deprives deportation of a legal basis.”). The fact that Reyes-Torres sought to vacate his 2007 controlled substance conviction in light of the immigration consequences does not change the reasoning because the petitioner’s motive is not the crucial inquiry. See Pickering v. Gonzales, 465 F.3d 263, 267 (6th Cir.2006). Instead, the inquiry must focus on the state court’s rationale for vacating the conviction, and the burden is on the government to prove that it was vacated “solely for rehabilitative reasons or reasons related to his immigration status.... ” Cardoso-Tlaseca v. Gonzales, 460 F.3d at 1107 n. 3 (citing Pickering v. Gon *1078 zales, 454 F.3d 525 (6th Cir.2006), amended and superseded by Pickering, 465 F.3d at 263); see also Pickering, 465 F.3d at 266-67 (explaining the difference between a conviction vacated for rehabilitative or immigration reasons and a conviction vacated for procedural or substantive infirmities). This question is not before us because it is one that “must be determined in the first instance by the BIA on remand.” Cardoso-Tlaseca, 460 F.3d at 1107. Until the BIA determines that the conviction was not vacated on the merits, Reyes-Torres was not properly found removable under the INA on a ground separate and distinct from a pre-1988 aggravated felony conviction, unlike the petitioner in Becker v. Gonzales, 473 F.3d 1000 (9th Cir.2007). Therefore, because the 2007 controlled substance conviction has been vacated, the 1984 aggravated felony conviction is the only remaining basis for removability, and Ledezma-Galicia controls the determination.
We grant the petition for review and remand this case to the BIA for further action consistent with this opinion.
PETITION GRANTED.

. The dissent places great weight on the fact that Reyes-Torres initially conceded removability by admitting the allegations in the Notice to Appear. However, Reyes-Torres merely conceded that he had been convicted in state court; he never conceded the factual allegations underlying that conviction. Because that conviction has since been vacated, his concession is no longer accurate. This distinguishes the instant case from Shin v. Mukasey, 547 F.3d 1019, 1024 (9th Cir.2008), wherein the petitioner conceded removability on the ground she was not in possession of valid documents for admission and she never recanted that factual concession.