**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR GONZALEZ SALAZAR, | No. 09-70867 |
| Petitioner, | Agency No. A076-728-302 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 15, 2010
San Francisco, California

Before: WALLACE and THOMAS, Circuit Judges, and MILLS, Senior District
Judge.**

Victor Gonzalez Salazar petitions for review of a decision of the Board of

Immigration Appeals ("BIA") denying his motion to reopen pursuant to 8 C.F.R. §

1003.2(d).

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     \*\*    The Honorable Richard Mills, Senior District Judge for the U.S.
District Court for Central Illinois, Springfield, sitting by designation.

Since the BIA decided this case, we have issued two decisions that may have bearing on the issues presented: *Reyes-Torres v. Holder*, __ F.3d __, 2011 WL 1312570 (9th Cir. 2011) and *Coyt v. Holder*, 593 F.3d 902 (9th Cir. 2010).  Prior to oral argument in this case, the United States moved for an order remanding this petition to the BIA for reconsideration in light of *Coyt*.  We denied the motion and heard argument.  Having heard argument and having decided *Reyes-Torres*, we now believe the government's initial position requesting a remand is well-taken.

Therefore, we remand this petition to the BIA for its reconsideration in light of *Reyes-Torres* and *Coyt*.

**REMANDED.**

*Gonzalez-Salazar v. Holder*, No. 09-70867

WALLACE, Senior Circuit Judge, dissenting:

I conclude that there is no need to remand this case to the Board of Immigration Appeals (Board). Instead, for the reasons expressed in my dissent in *Reyes-Torres v. Holder*, — F.3d —, 2011 WL 1312570, at *4 (9th Cir.), I believe that the Board's interpretation of its departure rule as a jurisdictional bar is entitled to agency deference. *Id.* at *5; *see also* 8 C.F.R. § 1003.2(d) (stating that "[a]ny departure from the United States . . ., occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion"). I would therefore apply the bar here and deny Gonzalez-Salazar's petition for review.

Our decision in *Coyt v. Holder*, 593 F.3d 902 (9th Cir. 2010), and for that matter the majority opinion in *Reyes-Torres*, are easily distinguishable. Unlike the petitioners in those cases, who were involuntarily deported, Gonzalez-Salazar made a *volitional decision* to leave the United States. Where an alien voluntarily departs, he is afforded certain benefits. *See Dada v. Mukasey*, 554 U.S. 1, 21 (2008). In exchange, it is not unreasonable to expect the alien to simultaneously relinquish other rights, such as his statutory right to file a motion to reopen. *See id.* (holding that an alien has the "option either to abide by the terms" of a voluntary

departure order "and receive the agreed-upon benefits . . . or, alternatively, to forgo those benefits and remain in United States to pursue an administrative motion").

Because Gonzalez-Salazar left the United States on his own volition, apparently as a strategic decision to obtain the benefits of voluntary departure, it was not unreasonable for the Board to construe his departure as an implied forfeiture of the right to file a motion to reopen. *See Marin-Rodriguez v. Holder*, 612 F.3d 591, 593 (7th Cir. 2010) (explaining that "[i]f the Supreme Court sees no incompatibility between a statutory right to apply for something and an implied-withdrawal approach, it is hard to fault the Board for adopting a similar view"). Consistent with this reasoning, those circuits to address this issue have generally agreed that "an alien's voluntary departure from the [United States] result[s] in a forfeiture of the right to file a motion to reopen." *See Zhang v. Holder*, 617 F.3d 650, 660 (2d Cir. 2010) (internal quotation marks omitted); *Toora v. Holder*, 603 F.3d 282, 288 (5th Cir. 2010); *Rosillo-Puga v. Holder*, 580 F.3d 1147, 1159–60 (10th Cir. 2009); *Mansour v. Gonzales*, 470 F.3d 1194, 1198 (6th Cir. 2006); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

I would follow these decisions and apply the departure bar to Gonzalez-Salazar. I therefore dissent.

2