WALLACE, Senior Circuit Judge,
dissenting:
I conclude that there is no need to remand this case to the Board of Immigration Appeals (Board). Instead, for the reasons expressed in my dissent in Reyes-Torres v. Holder, 645 F.3d 1073, 1078-79 (9th Cir.2011), I believe that the Board’s interpretation of its departure rule as a jurisdictional bar is entitled to agency deference. Id. at 1079-80; see also 8 C.F.R. § 1003.2(d) (stating that “[a]ny departure from the United States ..., occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion”). I would therefore apply the bar here and deny Gonzalez-Salazar’s petition for review.
Our decision in Coyt v. Holder, 593 F.3d 902 (9th Cir.2010), and for that matter the majority opinion in Reyes-Torres, are easily distinguishable. Unlike the petitioners in those cases, who were involuntarily deported, Gonzalez-Salazar made a volitional decision to leave the United States. Where an alien voluntarily departs, he is afforded certain benefits. See Dada v. Mukasey, 554 U.S. 1, 21, 128 S.Ct. 2307, 171 L.Ed.2d 178 (2008). In exchange, it is not unreasonable to expect the alien to simultaneously relinquish other rights, such as his statutory right to file a motion to reopen. See id. (holding that an alien has the “option either to abide by the terms” of a voluntary departure order “and receive the agreed-upon benefits ... or, alternatively, to forgo those benefits and remain in United States to pursue an administrative motion”).
Because Gonzalez-Salazar left the United States on his own'volition, apparently as a strategic decision to obtain the benefits of voluntary departure, it was not unreasonable for the Board to construe his departure as an implied forfeiture of the right to file a motion to reopen. See Marin-Rodriguez v. Holder, 612 F.3d 591, 593 (7th Cir.2010) (explaining that “[i]f the Supreme Court sees no incompatibility between a statutory right to apply for something and an implied-withdrawal approach, it is hard to fault the Board for adopting a similar view”). Consistent with this reasoning, those circuits to address this issue *654 have generally agreed that “an alien’s voluntary departure from the [United States] result[s] in a forfeiture of the right to file a motion to reopen.” See Zhang v. Holder, 617 F.3d 650, 660 (2d Cir.2010) (internal quotation marks omitted); Toora v. Holder, 603 F.3d 282, 288 (5th Cir.2010); Rosillo-Puga v. Holder, 580 F.3d 1147, 1159-60 (10th Cir.2009); Mansour v. Gonzales, 470 F.3d 1194, 1198 (6th Cir.2006); Navarro-Miranda v. Ashcroft, 330 F.3d 672, 676 (5th Cir.2003).
I would follow these decisions and apply the departure bar to Gonzalez-Salazar. I therefore dissent.