**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABEL ARCIGA-LORENZANO; BRIAN ARCIGA-ZARATE, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 13-70922 <br><br> Agency Nos.      A075-476-280 <br>                A075-476-282 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:      CLIFTON, BEA, and WATFORD, Circuit Judges.

Abel Arciga-Lorenzano and Brian Arciga-Zarate, natives and citizens of

Mexico, petition for review of an order of the Board of Immigration Appeals

("BIA") denying their motion to reopen deportation proceedings. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny the petition for review.

As the government concedes, Arciga-Lorenzano's departure from the United States did not deprive the BIA of jurisdiction to consider his motion to reopen. *See Reyes-Torres v. Holder*, 645 F.3d 1073, 1077 (9th Cir. 2011).

The BIA did not abuse its discretion by denying as untimely petitioners' motion to reopen based on ineffective assistance of counsel because petitioners filed their motion eight years after their order of deportation became administratively final, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), and failed to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 680-81 (finding no due diligence by a petitioner who "had reason to suspect" that her former attorneys had not adequately prepared her case but who nevertheless "took no affirmative steps to investigate" their errors after the BIA had denied her appeal).

**PETITION FOR REVIEW DENIED.**