**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| IRESHA DE SILVA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　Respondent. | No. 10-72932<br><br>Agency No. A079-763-110<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2014
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Iresha De Silva, a native and citizen of Sri Lanka, petitions for review of a

decision of the Board of Immigration Appeals (BIA) denying his motion to reopen

proceedings on the basis of changed country conditions in Sri Lanka. We grant the

petition.

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

To prevail on a motion to reopen on the basis of changed country conditions, a petitioner needs "to clear four hurdles": "(1) he ha[s] to produce evidence that conditions ha[ve] changed in [his country of nationality]; (2) the evidence ha[s] to be 'material;' (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he ha[s] to demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (internal quotation marks and citation omitted).

The BIA denied De Silva's motion to reopen, reasoning that De Silva had not "submitted statements from people in Sri Lanka who know the circumstances of his brother's death" nor had he presented "any other evidence . . . explaining how the respondent learned about his brother's death or who killed him."[1]  But the BIA was obliged to take any new facts alleged in De Silva's motion to reopen as true unless it determined that they were inherently unbelievable. *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).  The immigration judge found De Silva

---

[1] The parties are familiar with the facts of the case, so we do not recite them here.

to be credible, and the BIA did not deem the facts alleged in De Silva's motion to reopen inherently unbelievable.

De Silva alleged several material facts in his motion to reopen that were not available when he applied for asylum: He filed a personal declaration stating that, after his asylum application was denied, the police helped Grero's gang murder De Silva's brother because they believed he was De Silva.[2] De Silva also filed a copy of his brother's death certificate showing that his brother died from injuries consistent with the murder described in De Silva's declaration.

This is sufficient evidence that conditions have changed in Sri Lanka. The critical question is whether "circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Taken as true, the newly-alleged facts suggest the persecution De Silva fears has increased in severity in two ways. First, De Silva presented

---

[2]    The dissent concludes that De Silva's motion offers evidence that lacks sufficient detail, but as we explain, the motion shows that De Silva faces an increased risk of persecution. The dissent also takes the position that the allegations in the motion to reopen should not be considered at all, because it views them as unsupported assertions from De Silva's attorney, rather than evidence. But De Silva explicitly incorporated these statements by reference into his sworn declaration. The practice of incorporation by reference is of long standing, and we see no reason it should be inapplicable here.

3

evidence that Grero is now explicitly targeting *him*, rather than De Silva's friends and members of his family. Second, there is convincing evidence that Grero is now willing to follow through on his threat to kill De Silva—Grero's gang tried to do just that, and would have been successful but for a case of mistaken identity.

We also conclude that De Silva's new evidence, when considered together with the evidence presented at the original hearing, establishes prima facie eligibility for the relief he seeks. *See Toufighi*, 538 F.3d at 996. The new evidence establishes that Grero was "intertwined with police operations," as De Silva originally suspected, but failed to prove, when he first applied for asylum. *See DeSilva v. Gonzales*, 196 Fed. Appx. 558, 559 (9th Cir. 2006) (affirming the denial of De Silva's original application because he failed to make this showing). The new facts supply the missing "nexus" between De Silva's persecution and his political opinion. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1120 (9th Cir. 2004) ("When the alleged corruption is inextricably intertwined with governmental operation, the exposure and prosecution of such an abuse of public trust is necessarily political.").

We conclude that De Silva has cleared the necessary hurdles to prevail on his motion to reopen. His petition for review is **GRANTED**.

4

*De Silva v. Holder*, 10-72932

M. SMITH, Circuit Judge, dissenting:

I respectfully dissent from the majority decision granting the petition for review. I believe the BIA did not abuse its discretion in denying the motion to reopen because the evidence that De Silva submitted with the motion was insufficient to establish changed country conditions in Sri Lanka. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).

To show changed country conditions, De Silva pointed to the death of his brother, and submitted a death certificate and his own cursory declaration. But affidavits and declarations may be insufficient to show changed country conditions if they do not contain sufficient detail or context. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009) (holding that statement from petitioner's mother was cursory and did not contain sufficient detail, when rejecting petitioner's argument that country conditions had changed); *He v. Gonzales*, 501 F.3d 1128, 1132–33 (9th Cir. 2007) (holding that petitioners provided insufficient supporting documentation to establish changed conditions because sworn statement from one of the petitioners provided neither dates nor context).

Here, the declaration provides only the following about De Silva's brother's death: "My brother was killed by the drug traffickers in 2008 with the aid of the police and they have threatened my life. I recently found out that they killed my

brother by mistake thinking that it was me." Taking the facts presented in the declaration as true, *see Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005), the declaration nevertheless lacks sufficient detail and context, and is therefore insufficient to show changed country conditions.

The majority relies on De Silva's attorney's statements from the motion to reopen, which provide additional details, to bolster De Silva's bare bones declaration. However, there is no evidence attached to the motion to corroborate most of the attorney's allegations. And we may not rely on the statements of De Silva's attorney in the motion because they are "unsupported assertions," and not evidence. *See I.N.S. v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984).

The majority attempts to "incorporat[e] by reference" the statements of De Silva's attorney into the declaration via one line in it, which provides that De Silva "ha[s] reviewed the Motion to Reopen . . . and all of the facts contained in the motion are true to the best of [his] knowledge." However, this single line of boilerplate is not sufficient to overcome the Supreme Court's precedent that assertions by attorneys in a motion are not evidence. *See id*. De Silva appears to merely be vouching for the truthfulness of his attorney, rather than stating that he has personal knowledge of all of the occurrences described in the motion.

Because De Silva's attorney's statements do not constitute evidence, De

2

Silva failed to submit sufficient evidence to demonstrate material, changed country conditions. Therefore, I respectfully dissent.