MEMORANDUM *
Iresha De Silva, a native and citizen of Sri Lanka, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen proceedings on the basis of changed country conditions in Sri Lanka. We grant the petition.
To prevail on a motion to reopen on the basis of changed country conditions, a petitioner needs “to clear four hurdles”: “(1) he ha[s] to produce evidence that conditions ha[ve] changed in [his country of nationality]; (2) the evidence ha[s] to be ‘material;’ (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he ha[s] to demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.” Toufighi v. Mukasey, 538 F.3d 988, 996 (9th Cir.2008) (internal quotation marks and citation omitted).
The BIA denied De Silva’s motion to reopen, reasoning that De Silva had not “submitted statements from people in Sri Lanka who know the circumstances of his brother’s death” nor had he presented “any other evidence ... explaining how the respondent learned about his brother’s death or who killed him.”[1] But the BIA was obliged to take any new facts alleged in De Silva’s motion to reopen as true unless it determined that they were inherently unbelievable. Najmabadi v. Holder, 597 F.3d 983, 990 (9th Cir.2010). The immigration judge found De Silva to be credible, and the BIA did not deem the facts alleged in De Silva’s motion to reopen inherently unbelievable.
De Silva alleged several material facts in his motion to reopen that were not available when he applied for asylum: He filed a personal declaration stating that, after his asylum application was denied, the police helped Grero’s gang murder De Silva’s brother because they believed he was De Silva.[2] De Silva also filed a copy of his brother’s death certificate showing that his brother died from injuries consistent with the murder described in De Silva’s declaration.
This is sufficient evidence that conditions have changed in Sri Lanka. The critical question is whether “circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.” Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004). Taken as true, the newly-alleged facts suggest the persecution De Silva fears has increased in severity in two ways. First, De Silva presented evidence that Grero is now explicitly targeting him, rather than *600 De Silva’s Mends and members of his family. .Second, there is convincing evidence that Grero is now willing to follow through on his threat to kill De Silva— Grero’s gang tried to do just that, and would have been successful but for a case of mistaken identity.
We also conclude that De Silva’s new evidence, when considered together with the evidence presented at the original hearing, establishes prima facie eligibility for the relief he seeks. See Toufighi, 538 F.3d at 996. The new evidence establishes that Grero was “intertwined with police operations,” as De Silva originally suspected, but failed to prove, when he first applied for asylum. See DeSilva v. Gonzales, 196 Fed.Appx. 558, 559 (9th Cir.2006) (affirming the denial of De Silva’s original application because he failed to make this showing). The new facts supply the missing “nexus” between De Silva’s persecution and his political opinion. See Hasan v. Ashcroft, 380 F.3d 1114, 1120 (9th Cir.2004) (“When the alleged corruption is inextricably intertwined' with governmental operation, the exposure and prosecution of such an abuse of public trust is necessarily political.”).
We conclude that De Silva has cleared the necessary hurdles to prevail on his motion to reopen. His petition for review is GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The parties are familiar with the facts of the case, so we do not recite them here.

. The dissent concludes that De Silva's motion offers evidence that lacks sufficient detail, but as we explain, the motion shows that De Silva faces an increased risk of persecution. The dissent also takes the position that the allegations in the motion to reopen should not be considered at all, because it views them as unsupported assertions from De Silva's attorney, rather than evidence. But De Silva explicitly incorporated these statements by reference into his sworn declaration. The practice of incorporation by reference is of long standing, and we see no reason it should be inapplicable here.