**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRUZ LOPEZ-VASQUEZ, AKA Cruz Lopez Vazquez and DAVID PEREZ-LOPEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70901 <br><br> Agency Nos.     A077-838-364 <br>                  A077-838-365 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2014[**]
San Francisco, California

Before: THOMAS, Chief Judge, and REINHARDT and CHRISTEN, Circuit
Judges.

Cruz Lopez-Vasquez and her son David Perez-Lopez, both natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("BIA") decision denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's denial of petitioners' motion for abuse of discretion. *Tadevosyan v. Holder*, 743 F.3d 1250, 1252 (9th Cir. 2014).

We grant the petition for review for the reasons set forth below. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

"'A motion to reopen is a traditional procedural mechanism in immigration law with a basic purpose that has remained constant – to give aliens a means to provide new information relevant to their cases to the immigration authorities.'" *Meza-Vallejos v. Holder*, 669 F.3d 920, 924 (9th Cir. 2012) (quoting *Azarte v. Ashcroft*, 394 F.3d 1278, 1283 (9th Cir. 2005)). Under the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), every alien subject to removal has the statutory right to file one motion to reopen with the BIA. 8 U.S.C. § 1229a(c)(7)(A). Although that motion ordinarily must be filed within ninety days of the entry of the removal order, IIRIRA creates an exception to this general rule for any alien who seeks to reopen asylum proceedings in order to present new evidence of "changed country condition arising in [his or her] country of

nationality or the country to which removal has been ordered." *Id.* §§ 1229a(c)(7)(C)(i)-(ii). Because petitioners' motion here is based on changed country conditions in Guatemala, their motion is not time-barred.

Nor is it barred by the "departure rule." That rule provides that a "motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States." 8 C.F.R. § 1003.2(d). The BIA held that petitioners were precluded from moving to reopen under this rule because they had been removed from the United States in 2004, more than five years before they filed the instant motion. However, the BIA issued its decision before we decided *Reyes-Torres v. Holder*, 645 F.3d 1073, 1076 (9th Cir. 2011), which held that the departure rule does not preclude an alien from moving to reopen after he or she has been removed. As we explained in that case, construing the departure rule to preclude a previously removed alien from filing a motion to reopen would undermine IIRIRA's guarantee that every alien subject to removal has the right to file such a motion. *See id.* at 1077 ("After reviewing the statutes, we determined that 'the intent of Congress is clear,' and that 'in passing IIRIRA, Congress anticipated that petitioners would be able to pursue relief after departing from the United States.'" (quoting *Coyt v. Holder*, 593 F.3d 902, 906 (9th Cir. 2010)).

Thus, as in *Reyes-Torres*, petitioners' prior removal from the United States does not preclude them from exercising their statutory right to file a motion to reopen.

II

Generally, a "motion to reopen proceedings shall not be granted unless it appears to the BIA that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). An alien who seeks to reopen removal proceedings to pursue relief based on changed country conditions must clear "four hurdles": "(1) he ha[s] to produce evidence that conditions ha[ve] changed in [his country of nationality]; (2) the evidence ha[s] to be 'material;' (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he ha[s] to demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Toufighi v. Mukasey,* 538 F.3d 988, 996 (9th Cir.2008) (internal quotation marks and citation omitted).

Petitioners in this case submitted a sworn statement from Lopez-Vasquez describing how, in 2006, her aunt-in-law was kidnaped and murdered by anti-government guerillas for refusing to disclose the whereabouts of petitioners and other relatives. Lopez-Vasquez asserted that the people who murdered her aunt-in-

4

law were the same people who had harassed her and her son before they fled Guatemala the first time. She also provided a municipal death certificate as further evidence of her aunt-in-law's death.

The BIA held that petitioners' evidence was not sufficient to establish prima facie eligibility for asylum. It concluded that, "[a]side from [Lopez-Vasquez]'s statement, there is no objective evidence that the respondents would be targeted on account of a protected ground." However, the BIA was required to accept the new facts alleged in Lopez-Vasquez's declaration as true unless it determined that they were "inherently unbelievable." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). The BIA did not make such a finding nor provide any other reasons for disregarding the facts alleged in the declaration.

Accepting those facts as true, Lopez-Vasquez's declaration offers sufficient evidence that conditions in Guatemala have materially changed. The murder of petitioners' relative – which occurred after their initial asylum application was denied – shows that the anti-government guerillas who had previously threatened members of petitioners' family are now willing to use deadly force to threaten and target petitioners themselves. We have held that similar evidence of an increase in the severity of persecution feared may provide a legitimate basis for reopening removal proceedings based on changed country conditions. *See De Silva v.*

5

*Holder*, 2014 WL 4087901, at \*1 (9th Cir. Aug. 20, 2014) (granting petition for review of the BIA's denial of a motion to reopen based on petitioner's sworn statement that, after the denial of his first asylum application, police-aided gangs murdered his brother based on the brother's imputed political opinion). Because petitioners' evidence in this case is material, was not previously available, and is sufficient to establish their prima facie eligibility for asylum, petitioners have cleared the necessary hurdles to prevail on their motion to reopen.

**PETITION GRANTED.**