NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRENDA PAOLA TORRES,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 14-73512

Agency No. A095-758-236

**MEMORANDUM**[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2018[**]
Submission Withdrawn June 25, 2018
Resubmitted January 15, 2020
Pasadena, California

Before: W. FLETCHER, BYBEE[***], and OWENS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     Due to the death of Judge Reinhardt, the Honorable Judge Bybee was drawn to replace him. Judge Bybee has read the briefs and reviewed the record.

Brenda Torres seeks to reopen her removal proceedings on the ground that she is now eligible for cancellation of removal under 8 U.S.C. § 1229b(b). We review the BIA's denial of motions to reopen for abuse of discretion and its determination of purely legal questions de novo. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We grant Torres' petition and remand for further proceedings.

In 2008, Torres pled guilty to California Penal Code §§ 530.5(a), 114, 472, and 529.5(c), charges which arose from her use of a false Social Security card to obtain employment and other documents. In January 2013, the California Superior Court reduced Torres' § 530.5(a) conviction from a felony to a misdemeanor. It also permitted Torres to withdraw her guilty pleas for the remaining convictions and dismissed the charges. Torres argues that she is now eligible for cancellation of removal. We agree.

A vacated conviction no longer qualifies as a conviction for immigration purposes unless vacatur was "*solely* for rehabilitative reasons or reasons related to [the noncitizen's] immigration status." *Reyes-Torres v. Holder*, 645 F.3d 1073, 1077 (9th Cir. 2011) (emphasis in original). Although the state court did not specify the code under which it acted, here the *prosecution* moved for withdrawal of Torres' plea and dismissal, in part on the ground that Torres had been

2

overcharged. Vacating the convictions, the court explained that it acted "[b]ased on the motion of the people." California Penal Code § 1385, which permits a judge to dismiss an action "upon the application of the prosecuting attorney and in furtherance of justice," is the only procedural device under state law to fit those circumstances.

The court vacated Torres' conviction on the prosecution's motion to withdraw Torres' plea and dismiss the charges, which was based in part on an overcharging rationale. On this record, we conclude that vacatur was not based solely on rehabilitation or immigration consequences, but also on some substantive or procedural "defect" in the underlying conviction. *See Reyes-Torres*, 645 F.3d at 1077; *see also In re Chavez-Martinez*, 24 I. & N. Dec. 272, 273 (BIA 2007). This vacates Torres' convictions for immigration purposes, which means that she is eligible for cancellation of removal.

We GRANT the petition for review and REMAND this case to the BIA for further proceedings.

**PETITION GRANTED.**