**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| YOBANI CARLOS-RIVERA, | No. 20-73281 |
| Petitioner, | Agency No. A092-572-896 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2022**
Seattle, Washington

Before: IKUTA and MILLER, Circuit Judges, and PREGERSON,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Yobani Carlos-Rivera seeks review of a decision of the Board of Immigration Appeals (BIA) declining to sua sponte reopen his removal proceedings or to grant equitable tolling of the deadline. Carlos-Rivera has not shown that this decision "rel[ied] on a constitutionally or legally erroneous premise." *Bonilla v. Lynch*, 840 F.3d 575, 592 (9th Cir. 2016). Nothing in the record indicates that the BIA based its decision on the faulty assumption that Carlos-Rivera would be ineligible for relief if the proceedings were reopened. Nor did the BIA err in rejecting Carlos-Rivera's argument that he could not have filed his motion to reopen earlier because of the "departure bar" in 8 C.F.R. § 1003.2(d). Rather, the BIA correctly noted that Carlos-Rivera did not file his motion until eight years after our 2011 ruling that no such restriction applies. *See Reyes-Torres v. Holder*, 645 F.3d 1073, 1076–77 (9th Cir. 2011). We also reject Carlos-Rivera's argument that the BIA erred by not recognizing that his 1993 deportation order was based on an offense that was subsequently determined not to be an aggravated felony. *See United States v. Rivera-Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001). The BIA recognized that *Rivera-Sanchez* constituted a fundamental change in the law but lawfully exercised its discretion to hold that neither equitable tolling nor sua sponte reopening was warranted based on the totality of the circumstances. *See Lona v. Barr*, 958 F.3d 1224, 1230 (9th Cir 2020); *Bonilla*, 840 F.3d at 585.

Finally, Carlos-Rivera has not shown that the BIA erred by departing from its own established policy. *See Matter of G-C-L-*, 23 I. & N. Dec. 359, 362 (BIA 2002). Therefore, we lack jurisdiction to review the BIA's denial of Carlos-Rivera's motion. *See Bonilla*, 840 F.3d at 585.

We also lack jurisdiction to consider Carlos-Rivera's argument that the 1993 deportation order entered against him was illegal on the ground that it was not supported by a judgment of conviction. Carlos-Rivera failed to raise this issue to the BIA and no exception to the exhaustion requirement applies. *See* 8 U.S.C. § 1252(d); *see also Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam).

**PETITION DISMISSED.**